153 So. 687

**HIGGINS LUMBER & EXPORT CO., Inc., v. RHEA.**

No. 31993.

Feb. 26, 1934.

Hugh M. Wilkinson and A. Miles Coe, both of New Orleans, for appellant.

Alvin R. Christovich and Leslie P. Beard (Beard & O'Keefe), both of New Orleans, for appellee.

OVERTON, Justice.

On February 2, 1934, defendant and appellee filed a motion to dismiss the appeal herein, reading as follows:

"1. That there are before the court at this time no proper parties to sustain the present appeal, and no one interested in the prosecution of said appeal, and that said appeal should be dismissed.

"2. That there remains nothing before this court for contest, and that a judgment, if rendered, would be without effect and unenforcible by any one presently before this court."

The motion rests on the grounds that while the suit was pending and before the trial thereof a receiver was appointed for plaintiff, who was substituted, prior to trial, as party plaintiff. Pending the appeal, it is alleged that, as appears from a certified copy of the judgment attached, the receiver was discharged, and his bond ordered to be canceled, thus closing the receivership.

On the same day on which the motion to dismiss was filed, a motion was filed by R. A. Flautt, who alleges that he is the assignee of all the accounts, claims, and actions of the receiver, including the receiver's rights in the present suit, which were acquired, it is said, by him at receiver's sale, moved to substitute himself as a party to this suit in the place of the receiver. He later amended the motion, and attached extracts from the receivership proceedings purporting to show his acquisition of this action, and reaffirmed the prayer of his original motion, and prayed in the alternative that the case be remanded so that these facts might be shown.

There is no occasion to dismiss the appeal in view of the foregoing efforts to make proper parties to it. We think, however, that action on the motion to substitute Flautt as party plaintiff or to dispose of the matter finally should not be taken until an opportunity be given both sides to produce the facts necessary to show whether or not Flautt should be substituted, and to incorporate them in the record, the record when completed to be returned to this court, without the rendition of further judgment, on the present appeal.

The record is remanded to permit the showing of the foregoing facts, transpiring since the appeal was taken, the record when completed to be returned to this court promptly, without the rendition of further judgment, on the present appeal.

ST. PAUL, J., absent.